Fitsum Tsegay HAGOS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70342.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.*

Filed Nov. 29, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Yemi Getachew, The Law Offices of Yemi Getachew, San Jose, CA, Olumide K. Obayemi, Esq., San Leandro, CA, for Petitioner.

Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jonathan F. Potter, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Fitsum Tsegay Hagos (Hagos), a native and citizen of Ethiopia, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT).

■ At oral argument, the government conceded a finding of past persecution by the Immigration Judge (IJ). The IJ, therefore, abused his discretion when he failed to address the effect of the corresponding presumption of a well-founded fear of future persecution. *See Circu v. Gonzales*, 450 F.3d 990, 993 (9th Cir.2006) (en banc) (concluding that once there is a finding of past persecution, the petitioner is "entitled ... to the legal presumption of a well-founded fear of future persecution ... [which] [t]he government may rebut ... by showing by a preponderance of the evidence that the conditions ... have changed[.]") (citations and internal quotation marks omitted).

■ Moreover, the IJ abused his discretion in failing to separately analyze the CAT claim. *See Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir.2001) (stating that "the inability to state a cognizable asylum claim does not necessarily preclude relief under the [CAT]").

**PETITION GRANTED. REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

